**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 8:25-cv-02721-KES                                    Date: June 16, 2026

Title: SUBADRA BUTCHI RAJU PINNAMARAJU, et al. v. TRACY TARANGO, et al.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

<table>
<tr><td style="text-align:center">Jazmin Dorado<br>Courtroom Clerk</td><td style="text-align:center">Not Present<br>Court Reporter</td></tr>
<tr><td style="text-align:center">ATTORNEYS PRESENT FOR<br>PLAINTIFF:<br>None Present</td><td style="text-align:center">ATTORNEYS PRESENT FOR<br>DEFENDANTS:<br>None Present</td></tr>
</table>

**PROCEEDINGS (IN CHAMBERS):**        **Order GRANTING Motion to Dismiss (Dkt. 11) and DISMISSING Complaint Without Leave to Amend**

Plaintiffs applied for visas through the Immigration Investor Program, also known as the Employment-Based Fifth Preference ("EB-5") program, which requires noncitizen applicants to invest $1 million—or $800,000 in certain high unemployment or rural areas—in a new commercial enterprise that creates at least 10 jobs. (Dkt. 1 ("Complaint") at ¶¶ 15-16, 23-28.) Plaintiffs' I-526E visa petitions and I-485 applications to register permanent residency are pending with the U.S. Citizenship and Immigration Service ("USCIS"). (<u>Id.</u> ¶ 28.)

Plaintiffs filed this action seeking to compel Defendants to adjudicate those applications. The operative Complaint brings a claim under the Administrative Procedures Act ("APA") for unreasonable delay (<u>id.</u> ¶¶ 53-57), seeks a writ of mandamus (<u>id.</u> ¶¶ 58-63), and argues that their due process rights are being violated (<u>id.</u> ¶¶ 64-68).

Defendants moved to dismiss, arguing, <u>inter alia</u> that this Court lacks jurisdiction over Plaintiffs' claims under 8 U.S.C. § 1252(a)(2)(B)(ii). (Dkt. 11 at 14-18.) That motion is now fully briefed, and the Court heard argument on the motion on June 9, 2026. (Dkt. 19.) The motion to dismiss is **granted**, because the Court lacks jurisdiction over Plaintiffs' ADA and mandamus claims and the Complaint fails to state a claim for due process.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02721-KES                                Date: June 16, 2026
                                                                          Page 2

## I.    LEGAL BACKGROUND

### A.    Scope of APA Review.

The APA requires an agency "to conclude a matter presented to it" within "a reasonable time," 5 U.S.C. § 555(b), and directs courts to "compel agency action unlawfully withheld or unreasonably delayed…." 5 U.S.C. § 706(1).  A claim of unreasonable delay under the APA "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take."  Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004) (emphasis in original); see also Vietnam Veterans of Am. v. CIA, 811 F.3d 1068, 1075 (9th Cir. 2016).

"The APA sets out a 'basic presumption of judicial review'…." Johnson Tr. of Charley E. Johnson Revocable Living Tr. v. United States, 145 F.4th 1158, 1163 (9th Cir. 2025) (citation omitted).  The Supreme Court has "'consistently applied' the presumption of reviewability to immigration statutes." Guerrero-Lasprilla v. Barr, 589 U.S. 221, 229 (2020) (citation omitted).  However, the APA does contain several explicit exceptions to this presumption, i.e., where (1) a statute precludes judicial review, or (2) the challenged agency action is committed to agency discretion by law.  See 5 U.S.C. § 701(a)(1)-(2); Johnson, 145 F.4th at 1163.

### B.    Relevant Provisions of the Immigration and Nationality Act ("INA").

Adjustment of status is governed by 8 U.S.C. § 1225 of the INA, which provides in relevant part:

> The status of [a noncitizen] who was inspected and admitted or paroled into the United States … *may be adjusted* by the Attorney General, *in his discretion and under such regulations as he may prescribe*, to that of [a noncitizen] lawfully admitted for permanent residence if (1) the [noncitizen] makes an application for such adjustment, (2) the [noncitizen] is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added).  This statute "vests the government with considerable leeway in establishing the process" for adjustment of status.  Babaria v. Blinken, 87 F.4th 963, 977 (9th Cir. 2023).

The INA also includes the following jurisdiction-stripping provision:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02721-KES                                         Date: June 16, 2026
                                                                    Page 3

(i) any ***judgment*** regarding the granting of relief under ***section … 1255*** of this title, or

(ii) ***any other decision or action*** of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be ***in the discretion*** of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

The Ninth Circuit "read[s] 'any other decision or action' expansively to cover all determinations made in support of a grant of discretionary relief under subsection (ii)." Zia v. Garland, 112 F.4th 1194, 1200 (9th Cir. 2024) (holding that Board of Immigration Appeals' "decision on a good faith marriage waiver and any underlying eligibility determinations fall within the scope of the jurisdiction-stripping provision in § 1252(a)(2)(B)(ii)").

"[S]everal circuit courts have considered whether federal courts have jurisdiction to review a USCIS policy to hold certain applications for adjustment of status in abeyance until a visa number comes available. … Every circuit court to consider this issue has held that the challenged policy constitutes a discretionary decision and is therefore shielded from judicial review under § 1252(a)(2)(B)(ii)." Khachutorov v. Britten, 792 F. Supp. 3d 1106, 1113-14 (C.D. Cal. 2025) (citing Geda v. Dir. USCIS, 126 F.4th 835, 842 (3d Cir. 2025); Kale v. Alfonso-Royals, 139 F.4th 329 (4th Cir. 2025); Cheejati v. Blinken, 106 F.4th 388, 394 (5th Cir. 2024), cert. denied, 145 S. Ct. 1126 (2025); Thigulla v. Jaddou, 94 F.4th 770, 777 (8th Cir. 2024); Kanapuram v. Dir., USCIS, 131 F.4th 1302, 1307 (11th Cir. 2025)).

During the pendency of an application for adjustment of status, federal regulations allow a noncitizen to apply for work authorization. See 8 C.F.R. § 274a.12(c)(9). A noncitizen may also apply for advance parole, which permits the immigrant to travel abroad while an application for adjustment of status is pending; the approval of such an application is within the discretion of the Secretary or Director. See 8 U.S.C. § 1182(d)(5)(A) (providing that the Secretary or Director "may, ... in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit").

## II.      DISCUSSION

### A.      APA and Mandamus Claims.

"Because 'mandamus relief and relief under the APA are "in essence" the same,' when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [a court] may elect to analyze the APA claim only." Vaz v. Neal, 33 F.4th 1131, 1135 (9th Cir. 2022) (quoting R.T. Vanderbilt Co. v. Babbitt, 113 F.3d 1061, 1065 (9th Cir.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02721-KES                                      Date: June 16, 2026
                                                                            Page 4

1997)); see also Burni v. Frazier, 545 F. Supp. 2d 894, 903 (D. Minn. 2008) ("[T]his Court finds, as have other courts, that analysis of jurisdiction and relief under the Mandamus Act and APA is coextensive, and that there is no need to perform a separate analysis under the two acts").

The Ninth Circuit has not decided whether § 1252(a)(2)(B)(ii) bars APA claims for unreasonable delay in processing applications for adjustment of status, and district courts in the Ninth Circuit disagree on the issue.  See, e.g., Khachutorov, 792 F. Supp. 3d at 1113 (collecting cases); Chiriac v. Holder, No. 12-cv-6545-DSF-CW, 2012 WL 12903620, at *2 (C.D. Cal. Aug. 17, 2012) (collecting cases).  Having reviewed the authorities submitted by the parties, including those in Plaintiffs' sur-reply, the Court is persuaded by the reasoning of the cases finding that § 1252(a)(2)(B)(ii) bars Plaintiff's APA claim.  As one of those courts explained:

> [T]he language of each applicable statute and regulation makes clear that each of the immigration benefits Plaintiffs seek falls within the government's discretion to grant or deny. See 8 U.S.C. § 1255(a); 8 C.F.R. § 274a.13(a)(1); 8 U.S.C. § 1182(d)(5)(A). … [W]hile there is disagreement among district courts in the Ninth Circuit as to whether the government has a nondiscretionary duty to adjudicate applications for adjustment of status within a reasonable time, the recent holdings in Geda, Kale, Cheejati, Thigulla, and Kanapuram, as well as the dicta in Zia suggesting that the Ninth Circuit reads § 1252(a)(2)(B)(ii) expansively, support a conclusion that government decisions regarding the pace of review of an application are generally discretionary and therefore insulated from judicial review.  Finally, while the Court recognizes the concerns raised in Risch and Islam that completely insulating claims of unreasonable delay from judicial review would be tantamount to "sanction[ing] the perpetual delay of governmental obligations," this case does not implicate those concerns.  In particular, this case "does not present the extreme delay necessary to show that Defendants are refusing to act" on Plaintiffs' applications.  Mohsenzadeh [v. Kelly], 276 F. Supp. 3d [1007,] 1014 [(S.D. Cal. 2017)].

Khachutorov, 792 F. Supp. 3d at 1114; see also Na Li v. Chertoff, No. 07-cv-5634-JFW-AJW, 2008 WL 11342782, at *3 (C.D. Cal. Jan. 31, 2008) (finding that "the absence of a specific time constraint on adjudication also strongly suggests that Congress intended to commit decisions regarding the time allowed for adjudication of adjustment applications to the Secretary's discretion").

Plaintiffs attempt to draw a distinction between agency "action" and "inaction," arguing that the latter is not covered by § 1252(a)(2)(B)(ii).  Yet they have not persuasively explained how agency prioritization of adjustment applications differs from the visa retrogression situation discussed in the Circuit Court case law cited above.

Accordingly, the ADA and mandamus claims are dismissed for lack of jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02721-KES                                      Date: June 16, 2026
                                                                         Page 5

**B.      Due Process Claim.**

The Complaint alleges that Defendants have violated Plaintiffs' due process rights by the "combined delay and failure to act" on their adjustment applications, and Plaintiffs "seek redress… for Defendants' failure to provide a reasonable and just framework for adjudication in accordance with applicable law."  (Compl. ¶ 65.)  Defendants argue that the Complaint fails to state a claim for due process violations because: (1) "Plaintiffs' request for a discretionary immigration benefit is not a protected liberty or property interest under the Fifth Amendment"; and (2) "Plaintiffs can identify no constitutional infirmity" because their "I-485 Applications are now in a queue where they will be adjudicated under FIFO [the first-in, first-out principle]." (Dkt. 11 at 28-29.)

"[I]t is well established that aliens have no constitutionally protected interest in purely discretionary forms of relief such as an adjustment of status."  Na Li, 2008 WL 11342782, at *3 (citing Munoz v. Ashcroft, 339 F.3d 950, 954 (9th Cir. 2003) and Scheerer v. U.S. Atty. Gen., 513 F.3d 1244 (11th Cir. 2008)); see generally Mendez-Garcia v. Lynch, 840 F.3d 655, 665 (9th Cir. 2016) ("While aliens are entitled to a procedurally fair hearing, 'aliens have no fundamental right to discretionary relief from removal for purposes of due process and equal protection' because such relief is 'a privilege created by Congress.'").  Moreover, Plaintiffs have not demonstrated that a mere delay in the processing of their applications renders the process unfair. See Na Li, 2008 WL 11342782, at *3 ("To the extent that the denial of an application for an adjustment of status cannot give rise to a due process claim, the time it takes for the Secretary to exercise his discretion in processing such an application also cannot provide the basis for a due process claim.").

Accordingly, the Complaint fails to state a claim for violation of Plaintiffs' due process rights.

**C.      Leave to Amend.**

Although leave to amend is generally freely given, see Fed. R. Civ. P. 15(a), such leave may be denied where amending would be "futile" in light of "structural" deficiencies or "fundamental flaws" that cannot be cured by amendment.  See, e.g., G.B. by & through G.P. v. United States Env't Prot. Agency, 172 F.4th 104, 1065 (9th Cir. 2026).  That is the case here. The problem of jurisdiction and flaws in Plaintiffs' constitutional arguments cannot be cured by amendment.  Accordingly, the Complaint is dismissed without leave to amend.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion to dismiss (Dkt. 11) is **granted**, and the Complaint is **dismissed without leave to amend**.  Judgment shall be entered accordingly.

Initials of Deputy Clerk jd